Tayxok, Judge,
 

 delivered the opinion of the Court:
 

 ' There are two questions to be decided in this case: first, Whether chattels can be sold so as to vest in the buyer, without delivery ? And secondly, Whether a sale is good of a thing not
 
 in esse
 
 at the time when the contract is entered into ?
 

 The right of a thing may be completely transferred by the agreement of the owner made upon a proper consideration, as is manifest from various cases stated in the Books. From the time the sale is completed, the seller is indebted to the buyer for a thing in kind, and is bound to deliver the specific thing sold : hut delivery, though
 
 *390
 
 necessai-y to the enjoyment, is -not essential to the completion of the right. If a hotse be sold and die in the stable of the vendor between the sale and the delivery, the vendor may have an action for the price, the horse being the property of the buyer from the time of the ^ale. So, if the horse live, and the seller refuse to deliver him, the buyer tendering the pi-ice, may take the horse or bring an action for him.
 
 *
 
 In 1
 
 Strange, 167,
 
 it is stated, “ that property may by our Law be changed without delivery, as a horse sold in a stable
 
 •,
 
 though it is otherwise in the Civil Law.”
 

 The learning relative to the second question is briefly noticed by
 
 Reeves
 
 iri his History of the English Law.
 
 †
 
 According to that writer, the law allowed, in the time of Edward 4th, contracts to include things not ira
 
 esse ;
 
 and he cites from the Year Books a case, where a man was permitted to make a contract for the sale of ail profits or tithes to come off his land the next three or four years. In the further progress of the principle, a distinction was established between contracts executed and executory,- and it was laid <Jown as clear law, that a man could not, by an executed contract, grant any thing of which he was not at the time of the contract, actual or potential owner $ and every such contract, without such an interest, was held absolutely void.
 
 ‡
 
 Thus, if a man should grant all the wood that he should buy thereafter, the grant was void, because he could not make another possessor of a thing, of which he was not himself proprietor, either actually or potentially^ • For the same reason, it is a good plea for a lessee,
 

 §
 

 that the lessor*had nothing in the' lands at the time of the lease.”
 
 ǁ
 
 Many other cases are brought together to illustrate the distinction, by
 
 Powell
 
 in his
 
 Treatise on Contracts,
 
 who (after stating the case of a writ of annuity granted by a prebend after collation, admission and institution, but before induction, which grant is held to bo void, though confirmed by the ordinary,) proceeds thus
 
 *391
 
 in summing up the doctrine : e‘ but we must distinguish
 
 the
 
 last mentioned base from those cases in which, though it be uncertain whether the thing granted will ever exist, and it consequently cannot be
 
 actually
 
 in the grantor or certain, yet it is in him
 
 potentially,
 
 as being a thing accessory to something which he
 
 actually
 
 has in him
 
 •,
 
 for such potential property may be the subject of a contract executed, as a grant, or the like. Thus a person may grant all the tythes that he shall have in such a year, yet perhaps he shall háve nonet for the right to the advowson is in him, and out' of that advowson they arise. So a tenant for life may sell the profits of his lands for three
 
 or
 
 four years to come, and yet the profits arc not then
 
 in esse.
 
 Upon the same principle, the lord of a manor may part with the profits of his Court for a time to come.” It is also laid down in
 
 Hobart,
 
 132, that the grant of all the tithe wool of such a year, is good in its creation, though it may happen that there be no tithe v?ool in that year. But the grant of the wool which shall grovv upon such sheep as the grantor shall afterwards purchase, is void.
 

 The principles itere laid down, and the cases cited in support of them, appear fully to warrant the judgment of the Court in favor of the
 
 Plaintiff\
 
 who owning the mare at the time of the contract, had a potential interest in the colts which she might afterwards, produce, and might therefore sell them by ah executed contract.
 

 Lowrijs, Judge, cohtra.
 

 *
 

 Noy’s Maxims, Ch. 42.
 

 †
 

 8 Reeves’ His. English. Law, 372.
 

 ‡
 

 Plow. 432.
 

 §
 

 Hob. 132.
 

 ǁ
 

 Co. Litt. 41, b.